UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LOVELY,

       Plaintiff,                        CIVIL ACTION NO. 08-CV-13898

vs.

                                        DISTRICT JUDGE NANCY G. EDMUNDS

DEBRA SCUTT, et. al,             MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Defendants Debra Scutt, Joseph Barrett, Kenneth Ryan, Christopher Langley, Joel Salinas, Heather Arnett and Michelle Parsons' Motion to Dismiss or in the Alternative, Motion for Summary Judgment (docket no. 17) be **GRANTED**, and that Plaintiff's claims against these Defendants be dismissed without prejudice.

**II.**     **REPORT**:

This matter comes before the Court on the Motion to Dismiss or in the Alternative, Motion for Summary Judgment filed by Defendant Scutt, Barrett, Ryan, Langley, Salinas, Arnett and Parsons. (Docket no. 17). The motion is unopposed. All pretrial matters have been referred to the undersigned for decision. (Docket no. 7). The Court dispenses with oral argument on the motion. This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A. Factual Background and Claims**

Plaintiff, a Michigan state prisoner, filed this *pro se* action under 42 U.S.C. § 1983 on October 2, 2009. Defendant Scutt is the Warden at the G. Robert Cotton Correctional Facility (JCF)

1

in Jackson, Michigan; Defendant Barrett is the Deputy Warden at JCF; Defendant Ryan is the Assistant Deputy Warden at JCF; Defendant Langley is the Resident Unit Manager in the Segregation Unit where Plaintiff was housed; Defendant Salinas is a JCF Hearing Investigator; Defendant Arnett is the ARUS in Plaintiff's housing unit; and Defendant Parsons is a JCF Sergeant. Defendant Drum, a corrections officer, has also been named as a Defendant in Plaintiff's Complaint, but has not yet been served. Plaintiff sues the Defendants in their individual and official capacities.

Plaintiff alleges that he was being transported to Duane Waters Hospital for an appointment on October 3, 2007 when he began experiencing breathing problems and hypertension brought on by the extreme heat. He states that he tapped on the door of the transport van with his cane and told the officers that he needed air and could not breathe. (Docket no. 1 at 10). He further states that the officers hollered at him to stop hitting the door, placed him in leg irons, and returned him to JCF where he was placed in segregation and issued four major misconduct tickets. (Docket no. 1 at 10). Plaintiff was found guilty of all four major misconduct violations, which included attempting escape from a secure facility, threatening behavior, disobeying a direct order, and destruction or misuse of property over $10. Plaintiff states that during his thirty day segregation period he was assigned two assistants who were supposed to help him file an appeal of his misconduct report. He claims that both assistants were transferred out of the facility before his appeal was filed. He further claims that the Defendants discriminated against him on the basis of his disability because the Defendants knew he was blind and should have appointed someone to help him file for a rehearing on the misconduct tickets.

**B. Standard**

Defendants have moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure

2

12(b)(6) for failure to state a claim. A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

In addition, under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## C. Analysis

Defendants argue that Plaintiff's claims against them must be dismissed because he has failed to exhaust his administrative remedies through the MDOC's three-step grievance process. Plaintiff did not respond to the Defendants' motion, but states in his Complaint that prisoners cannot

3

file a grievance on issues which affect more than one prisoner. Instead, he states that he properly exhausted his claims by referring the matter to the Warden's Forum. (Docket no. 1 at 4).

Defendants show that the Warden's Forum applies only to general population housing units and is the proper venue for addressing general issues of confinement in a housing unit which affect groups of prisoners or the entire housing unit. (Docket no. 17, Ex. 2, 3). Plaintiff was confined in segregation as opposed to a general population unit when the events giving rise to his claims occurred, and he complained of issues personal to himself rather than those involving collective concerns. Thus, Plaintiff's complaints were not proper subjects for discussion and resolution at a Warden's Forum. Moreover, Defendants have submitted meeting minutes from the Warden's Forum's held between September 12, 2007 and December 12, 2007. (Docket no. 17, Ex. 4). The minutes verify that the issues raised at the Forums affect groups of prisoners, rather than individual prisoner issues. In addition, even if the Plaintiff's claims were proper subjects for resolution at a Warden's Forum, the meeting minutes demonstrate that Plaintiff's complaints were not raised at a Forum.

Exhaustion of administrative remedies is mandatory, not discretionary. In the five months since Defendants' motion has been filed, Plaintiff has failed to disprove Defendants' contention that he did not exhaust his administrative remedies. Accordingly, Defendants' motion should be granted and Plaintiff's claims against Defendants Scutt, Barrett, Ryan, Langley, Salinas, Arnett and Parsons should be dismissed without prejudice.

III.    **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 9, 2010                                s/ Mona K. Majzoub
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Roosevelt Lovely and Counsel of record on this date.

Dated: July 9, 2010                                s/ Lisa C. Bartlett
                                                   Case Manager

5