UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROOSEVELT LOVELY,**

       **Plaintiff,**              **CIVIL ACTION NO. 09-CV-13898**

vs.

                                     **DISTRICT JUDGE NANCY G. EDMUNDS**

**DEBRA SCUTT, et. al,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** This Court recommends that Defendant Drum's Motion for Summary Judgment (docket no. 29) be **GRANTED** and Plaintiff's complaint be dismissed without prejudice.

**II.**     **REPORT**:

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Drum. (Docket no. 29). Plaintiff has filed a response.[1] (Docket no. 32). All pretrial matters have been referred to the undersigned for decision. (Docket no. 7). The Court dispenses with oral argument on the motion. This matter is now ready for ruling pursuant to 28 U.S.C.

---

[1] Plaintiff's response states that he objects to the undersigned's Report and Recommendation. (Docket no. 32). This Court entered a Report and Recommendation on July 9, 2010 recommending dismissal without prejudice of Plaintiff's claims against Defendants Ryan, Scutt, Arnett, Parsons, Salinas, Langley, and Barrett. (Docket no. 19). Plaintiff filed objections to that recommendation. (Docket no. 23). On August 30, 2010 the district court adopted the Report and Recommendation and dismissed without prejudice Plaintiff's claims against these Defendants. (Docket no. 24). Because the time for objecting to the Court's July 9, 2010 Report and Recommendation has long since passed, this Court will construe Plaintiff's filing at docket number 32 as a response in opposition to Defendant Drum's Motion for Summary Judgment.

§ 636(b)(1)(B).

## A. Factual Background and Claims

Plaintiff, a Michigan state prisoner, filed this *pro se* action under 42 U.S.C. § 1983 on October 2, 2009. Defendant Drum was a corrections officer at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan at the time of the events giving rise to Plaintiff's complaint. Plaintiff sues Defendant Drum in his individual and official capacities for monetary damages.

Plaintiff alleges that he experienced breathing problems and hypertension while being transported to Duane Waters Hospital on October 3, 2007. Defendant Drum allegedly was one of the corrections officers who helped transport Plaintiff to the hospital. Plaintiff states that he tapped on the door of the transport van and told the officers that he needed air and could not breathe. He states that the officers hollered at him to stop hitting the door, placed him in leg irons, and returned him to JCF where he was placed in segregation and issued four major misconduct tickets. Plaintiff was found guilty of all four major misconduct violations, which included attempting escape from a secure facility, threatening behavior, disobeying a direct order, and destruction or misuse of property over $10. Plaintiff states that he was assigned two assistants who were supposed to help him file an appeal of his misconduct report, but that both assistants were transferred out of the facility before his appeal was filed. He further claims that he was discriminated against because he is blind.

## B. Standard

Defendant Drum moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 56(b). Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

2

Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

### C. Analysis

Defendant Drum adopts and incorporates by reference the motion and brief filed in support of Defendants Ryan, Scutt, Arnett, Parsons, Salinas, Langley, and Barrett's Motion to Dismiss filed on January 19, 2010. (Docket nos. 17, 29). Accordingly, Defendant Drum argues in relevant part that Plaintiff's claims against him should be dismissed because Plaintiff failed to exhaust his administrative remedies through the MDOC's three-step grievance process. Plaintiff acknowledges in his complaint that he referred this matter to the Warden's Forum in lieu of filing a grievance because prisoners cannot grieve issues that affect more than one prisoner. (Docket no. 1 at 4).

Defendant Drum shows that the Warden's Forum applies to general population housing units and is the proper venue for addressing general issues of confinement affecting groups of prisoners or the entire housing unit. (Docket no. 17, Ex. 2). Complaints addressing individual matters must be pursued through the prison grievance process as provided in MDOC Policy Directive 03.02.130

3

and not through the Warden's Forum. (Docket no. 17, Ex. 1 and Ex. 2 at 3). Plaintiff complained of issues personal to himself rather than those involving collective concerns. Thus, Plaintiff's complaints involve grievable issues that are not proper subjects for discussion and resolution at a Warden's Forum. Even if Plaintiff's complaints were of the sort that could be resolved at a Warden's Forum, the record demonstrates that Plaintiff's complaints were not raised at a Forum. (Docket no. 17, Ex. 4).

Exhaustion of administrative remedies is mandatory, not discretionary. The record demonstrates that Plaintiff has not filed any grievances involving these issues through to step three of the MDOC grievance process. (Docket no. 17, Ex. 1). On August 30, 2010 the Court dismissed without prejudice Plaintiff's claims against Defendants Scutt, Barrett, Ryan, Langley, Salinas, Arnett, and Parsons because Plaintiff failed to exhaust his administrative remedies against them. (Docket no. 24). Defendant Drum is entitled to the same relief. Accordingly, Defendant Drum's motion should be granted and Plaintiff's complaint should be dismissed without prejudice.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 20, 2011                s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Roosevelt Lovely and Counsel of record on this date.

Dated: April 20, 2011                s/ Lisa C. Bartlett
                                     Case Manager